AYERS CODDINGTON and others

v.

CHARLES W. IDELL.

1. One of three partners who declines to pay over a sum claimed by each of his other partners, cannot relieve himself from paying interest thereon pending the adjustment of the claim, if it appear that he has meanwhile used the money for his own purposes.

2. Where each party to a suit is partly successful, costs should not be awarded to either.

Bill for account, &c. On exceptions to master's report.

*Mr. G. Collins*, for Idell.

*Mr. G. D. W. Vroom*, for Wright.

*Mr. R. V. Lindabury*, for complainants.

THE CHANCELLOR.

Idell excepts to the master's report on the ground that he ought not be charged with interest on the balance of money in his hands due the complainants. He alleges that he was at all times ready to come to an account with his copartners, and to pay over the money which should be found due from him thereon, whenever they should settle a dispute between the Coddingtons on the one hand, and Wright on the other, in regard to their respective interests in the assets. Each of those parties notified him, it appears, not to pay the other any more money. If he has been holding the money which was due the Coddingtons from him, ready for payment whenever they and Wright should be ready to come to an account with him, he ought not to pay interest, but otherwise, if he has used it in his business or applied it to his own purposes. He does not say that he has not so used or applied it, and it appears, by a letter dated in February,

1877, in evidence in the cause, that he has. Under the circumstances he should pay interest.

The complainants claim that he should be required to pay costs. It is urged that he refused to account on the ground that he was entitled to compensation for his services in the litigations which were carried on for collection of money due the firm—a claim which was disallowed in this suit. But although, on the one hand, he set up that claim in his answer, the complainants, on the other, denied his claim on them for contribution to his expenses in those suits, which was allowed. Under the circumstances no costs should be awarded to either side.

Wright excepts, because the master has not allowed him the sum ($605) which he alleges he contributed to the capital of the concern. Though he swears he contributed the money, Brokaw and Augustus Coddington both swear that he did not. Though he swears that he paid the money in cash to Augustus Coddington, in the office of the latter, Coddington expressly and explicitly denies it. Now, is Wright corroborated? The written statement which he produces was made by himself, and though made in the presence of Augustus Coddington, and with the knowledge of the latter, Coddington swears that he objected to the item of "Cash received of Wright, $605," saying that he did not believe Wright had so much capital in the concern. He says that Wright did not get the item from him, but put it down of his own accord. He also says that Wright never before that time claimed to him that he had that sum in the business. The written statement above mentioned appears to have been made, according to Wright's testimony, two or three years after the substitutes were furnished. It appears that the amount of undivided profits in the concern was $627, and that sum, with the money which was furnished by the Coddingtons, and $8,000 of the proceeds of bonds belonging to the firm and received for the substitutes, made up the amount needed to furnish the men. Augustus Coddington and Brokaw (the latter has no interest in the suit) both

swear that the Coddingtons furnished all the money which was needed for the purchase of the substitutes above the $8,000, except the accumulated profits, which amounted, as Brokaw says, to about $600, and as Augustus Coddington says, to $627. They both swear, also, unequivocally, that except his share of the accumulated profits, Wright contributed nothing.

The exceptions will be overruled, but without costs.